(Decided 28th June, 1870 )

---

MILTON Y. KIDD, MARIA H. KIDD, and others, *vs.* SAMUEL R. CARSON and AMOS F. EVES, Executors of JOHN CARSON, and J. HARVEY ROWLAND.

*Parol agreement void under the Statute of Frauds.*

By a deed of bargain and sale, the title in fee to certain lands was conveyed to the vendees who paid the purchase money. The deed was in form and character what the parties thereto intended it to be. At the time of the conveyance the vendees agreed in parol, to sell the land and credit any profits which might be made from such sale, upon a certain indebtedness to them. A portion of the land was sold and profits were realized, but the vendees refused to credit the same according to their agreement. HELD :

That the agreement could not be enforced; resting, as it did, entirely in parol, it was void under the Statute of Frauds.

APPEAL from the Circuit Court for Cecil County, in Equity.

The bill of complaint in this case was filed by the appellees on the 12th of June, 1863, against the appellants. It stated that on or about the 29th of August, 1850, at the urgent request of George Kidd and his wife Maria H. Kidd, the complainant, J. Harvey Rowland and John Carson, since deceased, purchased at trustee's sale for $9,200, their dwelling

plantation, under the agreement that they should be permitted to reside thereon, and be allowed five years to re-pay the purchase money, with interest and taxes to be paid annually; and that Maria H. Kidd would convey to the purchasers her right of dower so as to clothe them with an unencumbered title. The bill further stated that as George Kidd was not able to hold property on account of his creditors, the agreement was to be carried out in the name of George W. Kidd, their son, for their benefit; that in pursuance of said agreement, George and Maria Kidd remained in possession of said land up to the time of his death, which occurred on or about the 22d of November, 1855, and that Maria Kidd had remained in possession ever since; that George Kidd left a number of children, (who with his widow were named as defendants); that he left no property to be administered; that in his lifetime he paid no part of the purchase money, and that neither his widow nor children, since his death had paid any part thereof; and that there was then due for said purchase money and unpaid interest, the sum of $16,261.

The bill prayed that the defendants might be ordered to pay said purchase money, and all interest thereon due, and that, upon their failure, the land might be sold; and if the net proceeds be insufficient, that Maria H. Kidd might be charged with the profits of said land, since the death of her husband.

The answer admitted the sale, and the purchase, and the agreement, as stated; but insisted that all interest and accruing taxes were paid up to the 30th November 1854; it admitted also, that George Kidd, occupied the property, up to the time of his death; and that his widow had continued to occupy it, since his death.

The answer then stated, that at the same sale, Milton Y. Kidd, one of the defendants, had purchased, from the same trustees, a part of the real estate of George Kidd, and subsequently conveyed the same to said Carson and Rowland, under an agreement, that they should sell and dispose of the same

and apply the proceeds towards the payment of said sum of $9,200; and further stated that said Carson and Rowland did make sales of portions of said property, and had realized therefrom certain sums, specifically stated in the answer, and had still in possession three acres of said property, on which there was a house; and the defendants claimed credit for said sums so realized from sales of portions of said property, and credit, also, for the value of said three acres and house, as against said sum of $9,200. The answer further stated that George W. Kidd paid in cash, to said Carson and Rowland, on the 25th of September, 1854, the sum of $200; and further, that said Carson and Rowland had sold to McClenahan a part of the principal tract, on the 30th of November, 1854, and for which the defendants claim credit, as against the sum of $9,200.

By agreement of counsel the credits, claimed in the answer, of $200 and $5,572 were admitted, as also all interest due up to the 28th of February, 1853. The other credits claimed were not admitted; but were left to be established by evidence.

Evidence was taken. George W. Kidd was examined as a witness, and testified that he acted as agent or attorney of Milton Y. Kidd; and that it was agreed between the parties that Milton Y. Kidd should convey the property, by him purchased, to Rowland and Carson, in trust; to be sold and the proceeds to be applied to the payment of the principal purchase; that the agreement was reduced to writing, but was not signed, as no signatures were asked; and that said unsigned agreement was lost, or abstracted from his papers, in 1862, at St. Louis; but he annexed a memorandum, made at the time, which showed the terms of the agreement.

Milton Y. Kidd was also examined, and proved that he conveyed the property which he had purchased, to Carson and Rowland, in trust, that they should sell it and apply the proceeds, after the payment of the sum at which he had bid it in, with interest thereon until such sale, to the pay-

ment of the claims which they held against the home place; that the agreement was reduced to writing, but was never signed.

Mr. Rowland was examined as a witness on behalf of the complainants, and testified, that the deed from Milton Y. Kidd to him and Carson was, in fact, an absolute conveyance, without any trust or agreement of any kind, so far as he had knowledge.

The deed from Milton Y. Kidd to Rowland and Carson was in the ordinary form of a deed of bargain and sale for the expressed consideration of $1,394.

The evidence shewed that the proceeds of the sale of the property conveyed by Milton Y. Kidd, so far as sales were made by Rowland and Carson, resulted in a considerable profit, and that the three acres, with a house thereon, still remained unsold; and proof was given that said unsold part was worth from $800 to $1000.

The decree of the Circuit Court disallowed the claim of the defendants to be credited, as against the balance due on the principal purchase, with the profit on the property conveyed by Milton Y. Kidd, and the value of the unsold part thereof. From this decree the defendants appealed.

The cause was argued before BARTOL, C. J., STEWART, MAULSBY, BRENT, GRASON, MILLER and ROBINSON, J.

*William Schley,* for the appellants.

The expressed consideration of $1,394, in the deed from Milton Y. Kidd to Carson and Rowland, and the statement in the deed, that the consideration had been paid, does not estop the grantor or the other defendants from shewing that the purchase money was not, in fact, paid by the vendees to the vendor; nor from showing a larger or different consideration of *the same kind,* if such different consideration does not change the *legal character of the deed.* *Wolfe vs. Hauver,* 1 *Gill,* 84; *Morgan vs. Betzenberger,* 3 *Gill,* 350; *Smith on*

*Contracts,* 13, *note,* 17 *note* 1; *Carr and Wife vs. Hobbs,* 11 *Md.,* 291; *Cole vs. Albers and Runge,* 1 *Gill,* 422, 423; *Shepherd vs. Bevin,* 9 *Gill,* 32; *Stewart vs. Redditt,* 3 *Md.,* 80; *Elysville Manufacturing Co. vs. Okisko Co.,* 1 *Md. Ch. Dec.,* 394–397; *Hanan vs. Towers,* 3 *H. & J.,* 151.

The Statute of Frauds is not a valid objection to the evidence adduced in support of the alleged parol agreement between Carson and Rowland and Milton Y. Kidd, because the agreement was executed by a conveyance of the property by the latter to the former. This in equity is a sufficient part performance to take the case out of the Statute. *Wolfe vs. Hauver,* 1 *Gill,* 84; *Morgan vs. Betzenberger,* 3 *Gill,* 354; *Artz and Wife vs. Grove,* 21 *Md.,* 456.

*Henry W. Archer,* for the appellees.

Milton Y. Kidd is estopped by his deed from denying the truth of its allegations, or from setting up anything in contradiction of its terms.

The alleged agreement upon which the appellants rely has not been sufficiently proven. In all the cases in which parol evidence has been admitted, in regard to sales of real estate, it has been required that the facts should be clearly proven. Here the appellants, to say the least, have failed to make out a case free from doubt. *Geiger vs. Green,* 4 *Gill,* 476; *Tyson vs. Watts,* 7 *Gill,* 156; *Rider & Trotter vs. Gray,* 10 *Md.,* 285–7; *Bend vs. Susqueha. Br. & Bk. Co.,* 6 *H. & J.,* 128, 133; *Watkins vs. Stockett,* 6 *H. & J.,* 435; *Lamborn vs. Watson,* 6 *H. & J.,* 252, 255; *Clagett vs. Hall,* 9 *G. & J.,* 82, 92; *Wilson vs. Watts,* 9 *Md.,* 356, 460; *Bk. of Westminster vs. Whyte,* 1 *Md. Ch. Dec.,* 536, *and* 3 *Md. Ch. Dec.,* 508; *Randle vs. Howard,* 3 *Black S. C. Rep.,* 585; 1 *Hilliard on Mortgages,* 45, 53.

BRENT, J., delivered the opinion of the Court.

The bill in this case was filed to enforce a lien upon certain lands of the appellants for a balance of purchase money due

thereon. The lien is admitted, but it is insisted by the appellants, that the amount claimed to be due should be credited by profits realized by John Carson and J. Harvey Rowland from the sale of certain other lands, which they had bought from Milton Y. Kidd, and for which he executed to them a deed of conveyance on the 21st of March, 1853. This credit the Court below refused to allow, and the propriety of such refusal is the single question presented by this appeal.

The deed from Kidd to Carson and Rowland is in the ordinary form of a deed of bargain and sale, conveying a title in fee to the lands sold. It is not alleged that this deed is different in form and character from what the parties intended at the time of its execution. On the contrary it is admitted to be just such a deed as they intended to make. The purchase money, set forth in it as the consideration, has been all paid, and there is no question, therefore, of any appropriation of that fund. But it is said that Carson and Rowland agreed at the time of the conveyance to credit any profits which might be made by them from a sale of this land, over and above the purchase money paid, upon the amount due for the land which is sought to be sold under the bill filed in this case. We have no doubt from reading the record that such an agreement was made, and that profits have been realized by them upon the purchase. But the agreement rests entirely in parol, and was not reduced to any writing signed or acknowledged by the parties. To enforce it would be to change the character of the deed, which had been drawn and executed as the parties intended it, and " to set up a conventional trust on the foundation of a special parol agreement." This cannot be done. It would be in plain and direct violation of the Statute of Frauds, which provides that all declarations or creations of trust or confidences of any land shall be *utterly void*, unless manifested and proved by some writing signed by the party who is by law enabled to declare such trust. *McElderry vs. Shipley et al.*, 2 *Md.*, 25; *Wilson vs. Watts*, 9 *Md.*, 434; *Wolf and wife vs. Corby et al.*, 30 *Md.*, 356.

This case was very fully argued on the part of the appellants, but we cannot perceive that any grounds have been presented to avoid the force of the Statute, and as reluctant as we may be to reject the claim of the appellants to the credit in dispute, we must affirm the decree of the Court below.

*Decree affirmed, and cause remanded*
*for further proceedings.*

(Decided 28th June, 1870.)

STEWART, J., delivered the following dissenting opinion:

The agreement of Carson and Rowland to credit any profits which might be made by them, from a sale of the land conveyed to them by Milton Y. Kidd, by the deed of the 21st of March, 1853, having been clearly proved, I think the credit ought to be allowed and differ with a majority of the Court, that its allowance is forbidden by the Statute of Frauds. That statute was intended to prevent and not to be the means of sanctioning fraud.

The acknowledgment of the receipt of the purchase money in the deed, is but *prima facie* evidence of its payment, and does not preclude the grantor from showing by parol that the consideration has not been paid; or that some additional consideration, agreed upon, had not been paid.

Evidence of other consideration, than that described in the deed, can be given, if not inconsistent with the character of that in the deed. Where the deed is made on a moneyed consideration, it cannot be shewn that money did not constitute the consideration, because that would operate to change the character of the deed, but evidence may be admitted to show the same kind of consideration, although differing as to the amount.

In this case the parol testimony does not affect the character of the deed from Kidd to Rowland and Carson, but shows an additional or suppletory consideration, which if established, as it manifestly was in this instance, imposes upon the gran-

tees the obligation to pay the same. This does not render the deed other than a deed of bargain and sale, and I do not perceive that its introduction is obnoxious to the provisions of the Statute of Frauds. See *Wolfe vs. Hauver,* 1 *Gill,* 90; *Cole vs. Albers and Runge,* 1 *Gill,* 423; *Cunningham vs. Dixon,* 23 *Md.,* 231; 1 *Greenleaf on Evidence,* sec. 304; *Washburn on Real Property,* 326, 327.