THE AMERICAN NATIONAL BANK *vs.* ENOCH HARLAN AND FRANK B. JENKINS, Receivers.

*Parol Evidence Inadmissible to Vary a Deed.*

Parol evidence is inadmissible to show that a deed executed to a per-son as trustee for a designated beneficiary was intended to be for a different beneficiary, when there is no allegation that the name of the designated beneficiary was inserted by fraud, surprise or mis-take.

Appeal from an order of the Circuit Court No. 2, of Baltimore City (STOCKBRIDGE, J.)

The cause was argued before McSHERRY, C. J., FOWLER BRISCOE, PEARCE and SCHMUCKER, JJ.

*Daniel L. Brinton*, for the appellant.

*Henry C. Kennard* and *Enoch Harlan*, for the appellees.

BRISCOE, J., delivered the opinion of the Court.

This suit was instituted in the Circuit Court No. 2, of Baltimore City, by Enoch Harlan and Frank B. Jenkins, receivers of the Consumers' Meat Company, a corporation of the State of New Jersey, to compel a transfer of certain leasehold property, standing in the name of Simon P. Schott, trustee, and alleged to be the property of the Consumers' Meat Company. The appellant, the American National Bank, and Simon P. Schott, trustee, are parties to the proceedings, and by answer to the petition, set up the defence that the property was held as trustee, to secure to the American National Bank an indebtedness due it by the Consumers' Meat Company, and not as trustee of the latter company. By an agreement the property was sold and the contest reserved to the fund arising from the sale.

There were two auditor's accounts stated, distributing the fund. By account A the fund was distributed to all the creditors according to the contention of the appellees. The alternate account B distributes the entire fund to the appellant bank, as a prior creditor. And from the order of Court overruling exceptions to account A, and ratifying it, this appeal has been taken.

The main question presented for our consideration, and the one upon which the decision of this case turns, relates to the admissibility of certain parol testimony offered on the part of the appellant bank, to vary and control the three deeds filed as evidence in the case. It appears from each of these deeds that the property described in them was

conveyed to " Simon P. Schott, trustee for the Consumers' Meat Company, of New Jersey, a body corporate, of the second part." Nothing appears from the face of the deeds, other than what has been stated, indicating what duties are imposed upon the trustee, nor in what manner the trust should be administered. The consideration is set forth as having been paid by the trustee, and the property is conveyed to him, "to have and to hold, with its appurtenances, unto the said Simon P. Schott, trustee, for the Consumers' Meat Company, a body corporate of the State of New Jersey."

Now the rule of law controlling the admission of parol testimony to vary or contradict deeds and written instruments has been settled by numerous decisions of this Court. *McElderry* v. *Shipley*, 2 Md. 25 ; *Farrow* v. *Hayes*, 51 Md. 498. In *Bladen* v. *Wells and wife*, 30 Md. 581, it is said : " No principle of law is more firmly settled than that which excludes parol evidence from being used either at law or equity for the purpose of contradicting, adding to, subtracting from or varying the terms of a deed, or controlling its legal operation and effect, except where it is impeached for fraud, or where it is sought to be reformed upon the allegations of fraud, accident or mistake." And in *Jones* v. *Slubey*, 5 H. & J. 372, it is said parol evidence of declarations and intentions is inadmissible to raise a trust inconsistent or at variance with the expressed intention of a deed, where the facts and circumstances would not of themselves, by implication or construction of law, be sufficient to do so. Nor can such a trust be created for the benefit of a third person and to defeat a complainant's equity, by an answer alleging declarations or intentions at variance with the expressed intention of a deed.

Now, in the case before us, the appellant not only seeks by parol proof to vary and contradict the terms of the deeds, but to substitute itself, an unnamed *cestui que trust*, for the one named in the deed. Mr. Simon P. Schott, the trustee, testified in part to this effect : " I became the trustee

of this property because it was a condition precedent to the continuing of the indebtedness of the said Consumers' Meat Company that they should make these deeds to me as trustee, for the purpose of securing the bank against any loss on account of its indebtedness to the bank at that time or that may occur thereafter, that is, after the making of the deeds the property was to be held as collateral security for the indebtedness of the Consumers' Meat Company to The American National Bank."

This evidence is clearly at variance with the expressed intention in the deeds and was inadmissible for the purpose offered. While it is true that a Court of Equity will upon proper averments and proof declare an absolute deed to be a mortgage, the facts of this case, however, do not bring it within the doctrine established by the cases relied upon by the appellant. There is no allegation or proof in the case before us, of fraud, surprise or mistake, either of law or fact ; nor that the deeds were not executed according to the intent of the parties, or that the name of the Consumers' Meat Company was, by mistake, inserted instead of the American National Bank.

To sustain the contention of the appellant in this case, would be, as was said by this Court in *Kidd* v. *Carson*, 33 Md. 43, to change the character of the deeds which had been drawn and executed as the parties intended them. "A Court of Equity will not interfere where the instrument is such as the parties designed it to be. If they voluntarily choose to express themselves in the language of the deed, they must be bound by it." *Showman* v. *Miller*, 6 Maryland, 479.

For these reasons the order of the Court below will be affirmed.

*Order affirmed with costs.*

(Decided June 22nd, 1899).