*29 The judgment against Ann Fisher can be no bar £o her issue, because they do not claim under her, and because also such a determination would involve this absurdity in it; that the judgment of the County Court, on a petition of the mother, would preclude the General Court from the exercise of their opinion on a petition preferred by the child, before the petition was fded in the County Court by the mother.
By the act of assembly of 1715, c. 44. § 31. the General Court and the County Courts have concurrent jurisdictions in cases of petitions for freedom. “ It shall be lawful for the Provincial and County Courts to hear and determine any complaints between masters and servants by way of petition.”
Suppose the mother petitions to the County Court, and files her petition at August. The child petitions this General Court, and the petition is filed in May. The petitions are continued the first to November, and the other to October; the General Court determines the child to be free. Can this judgment be taken advantage of by the mother in the County Court, or might not the County Court, notwithstanding, give judgment that the mother was a slave. Then reverse the proposition, and suppose the mother petitions the General Court, and the child the County Court, could the child avail himself of that judgment.
Suppose again that A. holds the mother and B. the child ; the mother petitions the General Court at May term against A., and has a judgment that she is free. The child petitions the General Court at October term, can the judgment in favour of the mother be given as conclusive evidence against B. ? Or shall B. be allowed to produce testimony to show, that the child is a slave l Certainly the judgment in favour of the mother is not conclusive evidence, and is only admissible as testimony upon the principle that hearsay evidence is allowed to prove descents, marriages and pedigrees.
*30 If the judgment against Ann Fisher should be adjudged conclusive evidence, and a bar to the issue, what would be the consequence ? The issue might have a right without a remedy ; for no person could bring a writ of error to reverse the judgment but Ann Fisher; and the child might be held in slavery, although she had the clearest right to freedom. The mother might refuse, neglect, or be prevailed on not to bring a writ of error, or the mother might die. No person can bring a writ of error to reverse a judgment who was not á party or privy to the record, or who was not injured by the judgment, and therefore to receive advantage by the reversal thereof. 2 Bac. Abr. 195. Heirs and executors may bring a writ of error. Eleanor Toogood is neither the party, the heir, nor executor, and therefore cannot bring a writ of error. If she were entitled to a writ of error, all the descendants of Ann Fisher must be equally entitled to bring one. • And if all the descendants are entitled to writs of error, they will have a right to give other testi-. mony than that which was produced on the trial below.
Against whom must the writ of error be brought? Against Mr. Beale ? or against his executor ? They are both dead. A writ of error lies against none but parties or privies to the first judgment, their heirs, executors or administrators. 2 Bac.. Abr. 195.
If the descendants of Ann Fisher were considered as heirs or executors, they could not have been such during the life of Ann Fisher, and as long as she lived they could not have reversed the judgment, but must have remained in slavery. If a judgment be given against the parson, the patron cannot have a writ of error. One to whom no right descends from the person against whom the judgment is rendered, cannot have a writ of error. 2 Bac. Abr. 195. 3 Lev. 36.
For these reasons the judgment of the court below, that the judgment of the County Court, against Ann Fishr er, was not'conclusive evidence against Eleanor Toogood, her child, must be esteemed a proper and legal decision, and the exceptions be disallowed.
*31 After discussing the point on the bill of exceptions, three questions arise.
1. Whether the act of 1663, c. 30. extends to free mulattoes and their issue.
2. Whether there is any or sufficient proof, that Mary Fisher, the mother of Ann Fisher, was married to a slave during the existence of the act of 1663.
3. Admitting there was sufficient proof of such marriage during-the act of 1663, whether, as Ann Fisher was born twenty-one years and upwards after the repealing act of 1681, she can possibly be a slave ?
The preamble of the act of 1663, sets forth, that, “ forasmuch as divers free-born English women, forgetful of their free condition, and to the disgrace of our nation, do intermarry with negro slaves, &c. for deterring such free-born women from such shameful matches, Be it enacted, that whatsoever free-born woman shall intermarry with any slave, from and after the last day of this present assembly, shall serve the master of such slave, during the life of her husband; and that all the issue of such free-born women, so married, shall be slaves, as their fathers were.”
The act of 1681, c. 4. repeals the act of 1663, and declares it to be “ utterly repealed and made void: Provided, that all matters and things relating, in the said act, to the marriage of negroes with free-born women, and their issue, are firm and valid, according to the true intent and purport of the said act, until the present time of the repeal thereof.”
In expounding a statute, all the parts of it are to be taken into consideration, the mischief that existed before the statute passed, and what things were intended to be remedied by it. 19 Vin. Abr. (Statute,) 514.pl. 34. When a statute commences with a particular enumeration, no other thing shall be taken by equity. 19 Fin. Abr. 514. pl. 34. Acts general in words have been construed to be *32 but particular where the intent was particular. 19 Vin. Abr. 517. pl. 66.
Not only the words of statutes are to be considered, but rather the intent of the matter is to be weighed; for ■many times things which are within the words of the statute are not within the purview of them, which extends no further than the intention of the maker?,- the particular thing to be considered. 19 Vin. Abr. 518. pi.- 81. The intention is to be collected from the cause and necessity of making it, and the ponstruction should-be- consonant to reason and discretion. 19 Vin. Abr. 519. note to pl. 81. General words may be qualified by subsequent clauses or sentences in the same statute. Pl. C. 205.
The act of 1663 is highly penal and rigorous, if not inhuman- And it is a principle of common law,- that statutes penal be expounded strictly and not extended ¡by equity to prejudice those against whom the penalty is inflicted; but general words shall be restrained and abridged for the benefit of him against whom the penalty is inflicted. 19 Vin. Abr. 52l.pl. 95. note, pl. 96. Pl. C. 17. b. Every penal statute which goes in derogation of common right' is taken strictly. 19 Vin. Abr. 521. pl. 96. The preamblé is a key to open the minds of the makers, and the mischiefs they intend to remedy. 19 Vin. Abr. 521. pl. 100. Co. Litt. 79. a. Although the words of an act are general, they ought to be specially construed to avoid an apparent injury. 19 Vin. Abr. 524. pl. 119. 141. 154. 156. 158.
Unless the words such free- born -women, in the enacting clause of the act of 1663, are construed such free-born English women, the word such (which is a relative term, and a word of great use and signification) will be rendered useless, insignificant and void. And it is a known rule in the -interpretation of statutes, that such a sense' is to be made upon the whole, that no clause, sentence or. word shall prove superfluous, insignificant or void, if *33 by any other construction they may be made useful and pertinent. 19 Vin. Abr. 528. pl. 160.
As to the second question. It is necessary for the appellant to show that the marriage was had during the continuance of the act of 1663, otherwise 'there is no pretence for holding the petitioner in slavery. It is admitted that Mary Fisher was married to a negro slave, but it is denied that the marriage took place during the existence of the act of 1663.
The record proof in the cause between Ann Fisher and John Beale, is not admissible as evidence in this case, only upon the principle that hearsay and reputation is evidence to prove a marriage. The present parties being different, the depositions or proof taken in that case, cannot be received as evidence, but on that ground.
A deposition cannot be given in evidence against any person not a party to the suit; and the reason is, that he has not liberty to cross-examine the witness. Theo. Evid. 18. 30. Gilb. Evid. 35. 62, 63. A person that has no prejudice by a verdict, can never give it in evidence. Gilb. Evid. 35. This rule admits of exceptions ; as in the case of customs and tolls, and, in general, in all cases where hearsay and reputation are evidence,.
Theo. Evid. 30. 20.
A man shall not regularly take advantage of a deposition, who was not a party to the suit; for as he cannot be prejudiced, he shall receive no advantage from it.
Theo. Evid. 31.
The judgment of the Court is not evidence but of the facts stated to have been proved. The verdict of a Jury (between different parties) is only their deduction from a variety of facts, and shall not be given in evidence, but where a fact is stated in a verdict; as for example, John had a son named Thomas, which fact would be evidence in all cases whete hearsay and reputation *34 áre admissible. Theo. Evid. 20, 21. So in this case', the facts set forth in the judgment of the Court are evidence, because hearsay and reputation are admissible. The judgment of the Court is not evidence, because it is nothing but a deduction from facts. The depositions themselves are of higher credit than the facts stated by the Court, because they are nothing more than the deductions of the Court from the depositions, and a remove from the best evidence. If the depositions were produced, the facts would appear, and this Court could judge of them ; and without derogating from the County-Court, 1734, the - Court of Appeals are better judges of the law arising on the depositions.
Nothing can be supplied by intendment or inference. It does not appear when the marriage took place, and the Court cannot conclude that it was during the existence of the act of 1663.
The record was said to resemble a special verdict. If the similitude is just, it can be of no use to the appellant ; for if the Jury state facts in a special verdict, and then draw a conclusion as to the law from those facts, the Court will not regard the conclusion, but determine the law from the facts. 11 Rep. 10. 5 Bac. Abr. 289. Gilb. Evid. 185, 186. If the Jury find a deed in hcec verba, and conclude that the substance is so and so ; if there is any difference, the Court will not regard the conclusion, but determine on the deed. Vang. 17.
If the County Court, in 1734, had only given a judgment, without stating the proof, that judgment could, not have been given in evidence. Theo. Evid. 20, 21. And suppose the judgment against Ann Fisher could be admitted as evidence, it cannot avail the appellants, because the Court, having set forth the proofs,-and given the reasons and grounds of their judgment, though it was not necessary, and they not being sufficient to war *35 rant the judgment, it cannot have any influence on the determination of this Court.
The judgment against Ann Fisher cannot have more weight or influence against the appellee than it would have against Ann Fisher, if it was to be revised on an appeal. Suppose it was removed here on an appeal, how would the Court determine whether the judgment ought to be affirmed or reversed ? Certainljyapon nothing-bat the evidence or proofs in the cause} but the judgment can be no evidence, because it is the judgment that is complained of.
As to the third question. Where one statute is re Pealed by another, acts done in the mean time shall stand ; but not if a statute is declared null. 19 Fin. Abr. 532. pl. 3. Jenk. 233. pl. 6. The act of 1681 repeals and makes void the act of 1663, with a proviso confirming and validating all mesne acts to the time of the repeal. The issue bom subsequent to the repeal must be free, and Ann Fisher was born 22 years after.
As soon as the act of 1663 was repealed, its operation ceased ; and although Mary Fisher would continue to be a servant during the life of her husband, yet her issue born after the repeal could not be slaves, because they did not descend from a slave, Mary then being only a servant for a limited time, and the act which would have made them slaves, having been .repealed twenty years and upwards ; and Ann was put "in the same situation as she would have been if the act had never been made.
Slaves are either born such, or become so. They are born slaves when they are the children of bondwomen, or become so by t.heir own consent. Ann Fisher is not the child of a bondwoman or a slave, nor did she ever consent to he a slave.
fsmnps, for the appellant. The record of the County *36 Court is to be considered in the light of traditional evidence, and is equal to hearsay. The point on the exception is a preparatory one. Wherever the law draws a consequence to the issue, from a particular fact found against the father, the issue is bound. If it is shown that the ancestor was a slave, the issue must be considered so also, unless something posterior has happened to extricate the issue. A fact found against the ancestor will affect the issue in its consequences: so the judgment against Ann Fisher must affect her issue. The fact stated by the Court in that record is evidence, but not the best evidence. An extract from a patent is evidence, if the opposite party has had sufficient time to have recourse to the record. Where a verdict is brought up by writ of error, the judgment below is in the nature of - a verdict. Ann Fisher could not have controverted the facts stated in the record, if she had appealed. Suppose the case of a bond given by six or seven jointly and severally, living in several counties, the judgment against one will be a bar. So where there are several partners, dispersed in several counties, judgment against one will be a bar as tp the others.
According to the law of nature, all goods in common, and negroes, are considered in the nature of chattels ; whatever is the condition of the ancestor, such must be the condition of the child. Ann Fisher, then a slave,, by the judgment of the Court, and her issue must be slaves, unless you can show something posterior by which they were emancipated. To reverse the judgment of the County Court, a petition of review should be brought; but then the petitioner would not be allowed to give other evidence than that on which the former judgment had been given, unless of something which happened subsequent to the judgment. The bill of review must state all the facts. The doctrine that evidence afterwards discovered should be heard, is pregnant with mischief.
*37 The action of ejectment is attended with circumstances peculiar to itself, and therefore a judgment in one ejectment, is no bar to another ejectment. Where it appears there was no trial on the merits of the cause, the judgment is not a bar. If the fact of the time when the marriage took place had not been proved on the trial, it would not have been positive, and then the Court would not have asserted it as a fact. If, in case of a dispute about the property of negroes, it is not sufficient to prove the mother to be a slave, there will soon be an end to that kind of property.
The act of 1681 confirmed the marriages between 1664 and 1681, and the consequences of those marriages. Who are to maintain the children born after the repealing law, if they are not slaves ?
y. T. Chase, for the appellee. The master being obliged to maintain the children born after the repealing law, is a proper punishment to him for suffering the ancestor to marry.
The determination in the case of Butler v. Boarman, {September term, 1770,)(a) is to govern; if not, much confusion and inconvenience will be introduced,
Where there is a devise of a negro woman for life, with a devise over, and issue is born during the life-estate, it belongs to the first devisee. If it were otherwise, the devise would be an injury, and not a benefit. Suppose the determination mentioned should be overruled, how many individuals would suffer by it.
At May term, 1783, the Court of Appeals affirmed the judgment of the General Court,
The Court of Appeals were of opinion, that the judgment againt Ann Fisher, was no bar to Eleanor Toogood the appellee.
*38 The Court were also of opinion, that the weight of evidence was in favour of the appellee.
The Court were also unanimously of opinion, that the act of 1664 does not extend to Mary Fisher, who appeared, by the proof, to have been a free mulatto woman.
The Court were also of opinion, that it appeared by the evidence, that Mary Fisher was free during the life of DicL(a)

 Sec. Mar. Rep. vol. 1, p.371.

а) These opinions were taken from the notes of the honourable J. T. Chase.