(Decided 12th March, 1869.)

---

## GEORGE WOLF and MARY C. WOLF, his Wife, *vs.* REBECCA CORBY, and others.

### *Conventional Trust — Statute of Frauds — Evidence — Absolute conveyance claimed to be a Mortgage.*

If a trust is set up, the denial by the pleadings of the agreement upon which it is based, is sufficient to hold the party setting it up to such proof of it as will satisfy the requirements of the statute of frauds, although the statute may not be insisted upon in the answer.

A Court of Equity will not set up and enforce a trust which is not only not evidenced by any writing, but is in direct opposition to the solemn deed of the parties.

APPEAL from the Circuit Court for Washington County.

The bill of complaint in this case was filed by the appellants, George Wolf and Mary C. Wolf, his wife, against the heirs of John Corby and William Corby, and alleged in substance, that the complainant, George Wolf, became entitled by inheritance to certain lands in Washington county, and that about the year 1842, the said George Wolf, being at that time largely indebted to sundry persons, made an arrange-

ment with said John and William Corby, (who were the brothers of his wife,) the result of which was that they paid said indebtedness for him, and he, together with his wife, conveyed said property to said John and William Corby; that although said deed was absolute on its face, it was made upon the understanding and agreement between the parties, that the same was to be regarded as in the nature of a mortgage, to secure to the said John and William payment in full of all sums of money so advanced by them in payment of the debts of the complainant George, and after re-payment thereof, with interest and costs, the said property was to be conveyed by said John and William, to the complainant, Mary C. Wolf, for the benefit of herself and family. That the said John and William went into possession under the deed, and received the rents, issues and profits thereof, and had long since been fully paid every cent of money advanced by them in payment of said debts; and that said John and William Corby were dead. The bill prayed that an account might be taken of the rents and profits of the premises, and the deed declared a mortgage, and cancelled or annulled, and the property affected thereby conveyed to the said Mary C. Wolf.

The defendants, by their answer, denied the agreement and understanding alleged in the bill, and evidence was taken under a commission, after which the case was heard, and the Court below (FRENCH, J.,) passed an order dismissing the bill; from this order the present appeal was taken.

The cause was argued before STEWART, BRENT, GRASON, MILLER and ROBINSON, J.

*A. K. Syester,* for the appellants:

The equity of a mortgagor is always paramount to the deed, and the circumstances establishing this equity may be shown by parol, not as contradicting the deed, but as controlling its operation. The circumstances surrounding the

transaction in question, the situation and relations of the parties to each other, and to the property and their purposes and motives, may all be gathered from facts extrinsic to the deed, and not in any way resting on a mere contemporaneous agreement at the time of the execution of the deed; but independent both of the deed and the parol agreement, without anywise involving the Statute of Frauds. *Marks vs. Pell,* 1 *Johns. Ch. Rep.,* 594; 2 *Lead. Cases in Equity,* 438, 439, (*top,*) and cases there cited; *Holmes vs. Grant,* 8 *Paige,* 243; *Crane vs. Bonnell,* 1 *Green Ch. Rep.,* 264; *Walker vs. Palmer,* 24 *Alabama,* 358; *Locke vs. Palmer,* 26 *Alabama,* 312; *West vs. Hendrix,* 28 *Alabama,* 226.

The principle contended for here is strictly in accordance with that which prevails when a deed to one man is alleged to have been made or is held in trust for another. In such cases the trust is established by the *circumstances showing the consideration* apart from, and independent of the contemporaneous agreement.

The defence of the statute of limitations has nothing to do with this case, nor has any defence bearing analogy to that statute; because it will hardly be contended that the right to a re-conveyance was perfect at the date of the deed. The equity of the complainants could not have been complete until the grantees had remunerated themselves; and the statute could not begin to run until after such time as the grantor's equity was perfect.

There are sufficient allegations in the bill to let in the parol evidence of the agreement. A distinct charge, *in totidem verbis,* of fraud, is unnecessary. When it is alleged and proved that a security only was intended, and the defendant sets up the money paid as a payment by way of *purchase,* and relies on the deed as an absolute conveyance, it is a fraud on the grantor, and affords evidence that the defeasance was omitted by accident or mistake. *Russel vs. Southard,* 12 *How.,* 139, 148; *Flagg vs. Mann,* 2 *Sumner,* 486; *Van Buren vs. Olmstead,* 5 *Paige,* 1.

The defendants have not pleaded, nor do they in their answer rely on the Statute of Frauds, by way of plea. And to enable a party to avail himself of the Statute of Frauds, he must especially insist upon it. *Thornton vs. Heirs of Henry*, 2 *Scammon*, 218, 220; *Story's Eq. Pl.*, sec. 761; *Cozine vs. Graham & Bleeker*, 2 *Paige*, 177.

*Wm. T. Hamilton*, for the appellees:

The appellees, in their answer, deny that there was any such understanding or agreement as alleged in the bill, and, therefore, not being necessary to plead the Statute of Frauds, it is incumbent upon the appellants to sustain their case by the proof required by the statute. *Small vs. Owings*, 1 *Md. Ch. Dec.*, 363; *Jones vs. Slubey*, 5 *H. & J.*, 372; *Hill on Trustees*, 1 *note, side* 61, *top* 77; *Brown on Frauds*, 483, sec. 511; *Ontario Bank vs. Root*, 3 *Paige*, 481; 2 *Story's Eq.*, sec. 763; *Bank of Westminster vs. Whyte*, 1 *Md. Ch. Dec.*, 540; 1 *Greenleaf on Ev.*, 351.

The Statute of Limitations, and that it is a stale claim, are relied upon in the answer as a just and equitable defence. *Hill on Trustees*, *side* 170, *top* 241; *Hertle vs. McDonald, Ex'r*, 2 *Md. Ch. Dec.*, 128.

The specific performance of a parol contract, where it may be taken out of the statute by part performance, is only decreed where it is clearly proved, as also its terms.

There is no pretence here of a parol contract, and part performance under it. The only contract known in this case was in writing, and everything growing out of it and connected with it, must be referable to this writing,—the deed made by the appellants. The bill prays, "that the deed be decreed a mortgage, and that it may be cancelled, and that the property be conveyed to the complainant, Mary C. Wolf," as by the contract or understanding.

The proofs show no such contract. They are uncertain and indefinite, and establish nothing upon which a Court could surely determine and decree.

BRENT, J., delivered the opinion of the Court.

The bill of complaint in this case alleges that a deed by which the appellants, George Wolf and Mary C. Wolf, his wife, in 1842 conveyed, in fee simple, to John Corby and William Corby, the real estate mentioned therein, and which descended to the husband as one of the heirs-at-law of Jacob Wolf, deceased, was intended by the parties as a mortgage, and that the property, after the payment and satisfaction of the debts secured by it, should be conveyed by the grantees to Mary C. Wolf, for the benefit of herself and children. It charges that the debts have been paid from the profits and proceeds of the property, states the death of John and William Corby, one of whom died in 1853, and the other in 1861, and asks for a decree annulling and vacating the deed, and directing the appellees, the heirs-at-law of the grantees, to convey the property to Mary C. Wolf, one of the appellants.

The answers of the defendants deny the material allegations in the bill, and the complainants are thereby put upon proof of all that is essential to make out and support their claim to the relief which they ask. If a trust is set up, the denial by the pleadings of the agreement upon which it is based, is sufficient to hold the party setting it up to such proof of it as will satisfy the requirements of the Statute of Frauds, although the statute may not be insisted upon in the answer. *Ontario Bank vs. Root,* 3 *Paige's Ch. Rep.,* 481; *Jones vs. Slubey,* 5 *H. & J.,* 372; *Small vs. Owings,* 1 *Md. Ch. Dec.,* 363.

The Statute of Limitations is relied upon in the answers as one of the defences to this bill, and was strongly urged in the argument on the part of the appellees. We do not consider it important to examine its application to this case, as our decision will rest upon grounds totally distinct from any want of equities on the part of the appellants, because of the alleged staleness of their demand from the long period of time between the execution of the deed and the filing of the bill of complaint.

Assuming that all the evidence offered by the appellants is admissible, it does not establish a mortgage between the parties. According to the terms of the agreement testified to by the witness, Keppler, the property was not to return to the grantors after the payment of the debts, which it is said its conveyance was intended to secure. They had no equity of redemption upon which a release or a re-conveyance could have been demanded. The title of George Wolf, to whom the property had descended, was absolutely parted with, and he certainly had no right to redeem. It was under no circumstances to become his by virtue of any equities remaining in him, but was to pass to the grantees free from all claim so far as he was concerned or interested.

The true effect of the evidence is not to establish a mortgage between the parties, but would be, if it were admissible, to create a conventional trust.

Although the deed in question is an absolute conveyance upon its face, and is conceded to have been drawn and executed according to the intention of the parties, the appellants seek to have it annulled, and the property conveyed under it turned into another and different channel, because by a parol agreement it was not intended to give to the grantees a fee, but the property was to be held by them only until the payment of certain debts, when they were to convey it to one of the appellants for the benefit of herself and her children. The debts as it is alleged having been paid, the aid of a Court of equity is invoked, that a deed may now be executed according to the terms of this agreement.

This is clearly an attempt to set up and enforce a trust which is not only not evidenced by any writing, but is in direct opposition to the solemn deed of the parties. All the testimony offered and objected to by the appellees, tends to prove but a parol agreement between the parties, and for the purposes of this case is wholly inadmissible. To give effect to a trust of this sort, resting alone in parol, would be in violation of the Statute of Frauds, which declares the creation

of any trust of lands to be utterly void, unless "manifested and proven by some writing signed by the party who is enabled to declare the trust. *McElderry vs. Shipley, et al.*, 2 *Md.*, 37; *Jones vs. Slubey*, 5 *H. & J.*, 372; *Dorsey vs. Clark*, 4 *H. & J.*, 551.

In this view of the law and its application to the case before us, we think the Court below was right in ordering the bill to be dismissed.

*Decree affirmed, with costs to the appellees.*

(Decided 12th March, 1869.)