.AMANDA A. KRACH ᴇᴛ ᴀʟ. *v.* MARY E. CARSON
ᴇᴛ ᴀʟ.

*Delivery of Deed—What Constitutes—Effect.*

A consummated delivery occurs when the instrument has ·passed from the grantor, without right of recall, to the grantee ·or some third person for his use, the test of delivery being the .relinquishment of the custody or control of the deed.　　p. 662

When deeds of conveyance of real property, or bills of sale of ·personal property, are completed, and possession delivered under them, so far as the change of ownership depends thereon, they :are executed, and the property passes and vests in the grantee.

p. 662

One who has become the legal owner of real estate cannot ·transfer it or part with his title except in some of the forms ·prescribed by law, and by destroying his deed he may deprive ˉhimself of his remedies upon the covenants, but not his right to ˉhold the property.　　　　　　　　　　　　　　　　　p. ·662

Where a mother executed conveyances to her children, which ˉwere duly recorded, and the children on the same day executed ·conveyances back to the mother, and the mother handed such .conveyances to a third person with instructions not to record ˉthem until requested by her, and to destroy them if she died ·without so requesting, so that the property would be vested under

the recorded conveyances, *held* that, although the mother died without making such request, yet since the unrecorded conveyances to her had been delivered, the title was vested in the mother, and she could not revest it in the children by the expression of a wish to that effect. pp. 662, 663.

*Decided May 5th, 1926.*

Appeal from the Circuit Court No. 2 of Baltimore City (DUKE BOND, J.).

Bill by Amanda A. Krach and Anna D. Gibson against Mary E. Carson, Adolph Gibson, and Charles E. Gibson, individually and as administrator of the estate of Mary Ann Gibson. From an order dismissing the bill, plaintiffs appeal. Affirmed.

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and WALSH, JJ.

*J. Richard Standiford* and *Malcolm J. Coan,* submitting on brief, for the appellants.

*Harvey C. Jones,* with whom were *David L. Elliott* and *H. C. Jones* on the brief, for the appellees.

ADKINS, J., delivered the opinion of the Court.

The bill of complaint in this case alleges that on June 16th, 1916, Mary Anne Gibson conveyed two lots in Baltimore City to Charles E. Carson, one of the defendants, who on the same day conveyed said lots to Mary E. Carson, Adolph Gibson, Amanda A. Krach and Anna D. Gibson, both of said deeds being duly recorded; that on the same day the said Mary Anne Gibson conveyed, by way of bill of sale, duly recorded, the market stalls known as Nos. 187 and 188 in Lexington Market, and No. 156 in Hollins Market, to Mary E. Carson, Adolph Gibson, Amanda A. Krach and Anna D. Gibson; that on the same day the said Mary E. Carson, Adolph Gibson, Amanda A. Krach and Anna D. Gibson

transferred, by way of a deed, the said lots back to their mother, the said Mary Anne Gibson, and by way of a bill of sale the said market stalls; that at the time of the execution of the above-named instruments Mary Anne Gibson delivered to Charles E. Carson the said deed and bill of sale from her said children to her, "with instructions to the said Charles E. Carson not to record this deed and bill of sale unless and until there might be some change in her feeling in regards to the matter, and that if she died without requesting the said Charles E. Carson to place the said deed and bill of sale upon record, that then it was her desire that the property should pass under the aforesaid recorded deed and bill of sale, and that the said Charles E. Carson should destroy the unrecorded deed and bill of sale"; that the said Mary Anne Gibson died on August 15th, 1925, and that prior to her death she had made no change in the instructions given to Charles E. Carson at the time of the delivery to him of the aforementioned deed and bill of sale, but that said papers have not been destroyed by the said Carson; that on August 27th, 1925, a contract of sale was entered into by and between Mary E. Carson, Amanda A. Krach and Anna D. Gibson, of the first part, and Adolph Gibson, of the second part, whereby the parties of the first part agreed to sell to the party of the second part one of the above-mentioned lots; that the attorney for Adolph Gibson, subsequent to the execution of said contract, has demanded of Charles E. Carson, who is now the administrator of the estate of Mary Anne Gibson, that he place upon record the unrecorded deed and bill of sale; that the said Adolph Gibson claims that prior to the death of his mother he purchased from her said market stalls for $1,500; that plaintiffs feel assured and aver that no such sale or attempted sale was made by their mother, and that the demand that said deed and bill of sale be recorded is for the purpose of again vesting the title of said lots and stalls in the said Mary Anne Gibson, in order that such a transfer of the stalls might have been possible.

The prayer of the bill is for an order directing said Charles E. Carson to bring into court said unrecorded deed and bill

of sale for cancellation, in order that any cloud on the title to said lots and stalls may be removed, and declaring the title to said lots and stalls to be vested in the said Mary E. Carson, Adolph Gibson, Amanda A. Krach, and Anna D. Gibson, and that the alleged sale of said stalls by the said Mary Anna Gibson to the said Adolph Gibson be declared null and void; and for further relief. The defendants demurred to the bill, and the chancellor sustained the demurrer and dismissed the bill. This appeal is from that order.

The only possible question in the case is: Was there a delivery to, and acceptance by, the grantee, of the unrecorded deed and bill of sale?

There is a consummated delivery when the instrument has passed from the grantor, without right of recall, to the grantee or some third person for his use. *Hearn v. Purnell,* 110 Md. 465; *Duer v. James,* 42 Md. 492.

The test of delivery is the relinquishment by the grantor of the custody or control of the deed. When he has formally executed and acknowledged it and has delivered it unconditionally to the grantee, or one acting for him, the conveyance is completed and the title has passed. See note to *Munro v. Bowles,* 54 L. R. A. 865; *Shrader v. Bonker,* 65 Barb. 608.

When deeds of conveyance of real, or bills of sale of personal, property, are completed, and possession delivered under them, so far as the change of ownership depends on them, they are executed, and the property passes and vests in the grantee. When a person has become the legal owner of real estate, he cannot transfer it or part with his title except in some of the forms prescribed by law. The grantee may destroy his deed but not his estate. He may deprive himself of his remedies upon the covenants, but not his right to hold the property. *Chessman v. Whittemore,* 23 Pick. 233; *Clark v. Creswell,* 112 Md. 339.

Now in the present case it does not appear from the bill of complaint that Mary Anne Gibson ever parted or intended in her life time to part with the possession and control of the property conveyed by her to her children. The conveyances from her to them and from them back to her were made on

the same day and apparently in one transaction. There is nothing in the deed or bill of sale from them to her to indicate that there was anything conditional about them. It was not the grantors, but the grantee, who handed these instruments to Charles E. Carson, and the only instruction by her to him was not to record them until she told him to do so, and if she died without so requesting, "it was her desire that the property should pass under the aforesaid recorded deed and bill of sale, and that the said Charles E. Carson should destroy the unrecorded deed and bill of sale." In other words, she retained absolute control of these papers during her life, with power to control and dispose of the property. Of course, the attempt to revest after her death title in her former grantees which they had unconditionally reconveyed to her, was futile.

*Order affirmed, with costs to appellees.*