DAVID SAMUEL JACOBS *v.* I. L. SCHWARTZ
ET AL.

[No. 21, April Term, 1941.]

*Decided June 10th, 1491.*

The cause was argued before BOND, C. J., SLOAN, JOHNSON, DELAPLAINE, COLLINS, and FORSYTHE, JJ.

*Louis J. Jira* and *H. Harry Rosenberg*, with whom was *Jules Shefferman* on the brief, for the appellant.

*J. Francis Ford* with whom were *Alfred J. O'Ferrall, Jr.*, and *H. Lee Brill* on the brief, for the appellee.

SLOAN, J., delivered the opinion of the Court.

By deed dated June 6th, 1927, Louis Jacobs, a widower, conveyed to E. Estelle Potts, two lots in fee, Nos. 1301 East Fayette Street and 604 West North Avenue in Baltimore City, and on the same day the grantee, who had no interest in the transaction and was acting for the grantor, conveyed the lots to Louis Jacobs for life with remainder to his five children, Hattie Jacobs Rosenthal, Sydney M. Jacobs, Paul W. Jacobs, Raymond L. Jacobs and Milton C. Jacobs.

On September 17th, 1932, the five children reconveyed the two lots to their father, Louis Jacobs, as alleged "at his request," and on the 26th day of September, 1932, Louis Jacobs conveyed to Sidney Melbourne, who, on the same day, conveyed to Louis Jacobs for life, with remainder to Rose Hilda Rosenthal, Millard Jacobs, Roland Jacobs, Robert Jacobs, Rita Jacobs and Milton C. Jacobs. Milton C. Jacobs appears to be a grantee in both deeds. Louis Jacobs died February 19th, 1938.

On September 5th, 1939, the grantee in the deed of September 26th, 1932, conveyed both lots to David Samuel Jacobs, a son of Louis, who was living in California when the deed of 1927 was made, and on February 10th, 1940, they executed a confirmatory deed to David Samuel Jacobs.

On October 21st, 1939, David Samuel Jacobs agreed in writing to sell the property 1301 East Fayette street to one, Milton Altman, and then it developed that on December 27th, 1930, while the title to a one-fifth interest in remainder was in Hattie Rosenthal, a decree *in personan* on a mortgage foreclosure of another property, had been obtained against Hattie Rosenthal and her husband, for $759.08 by the Builders & Mechanics Permanent Building `Association, which about the same time was entered to the use of I. L. Schwartz in consideration of the sum of $128.75, and it was this discovery that led to this proceeding.

On January 16th, 1940, Schwartz caused an execution to be issued and levied on the said two properties, re-

sulting in a bill by David Samuel Jacobs against Schwartz and Joseph C. Deegan, Sheriff of Baltimore City, to enjoin a sale and quiet the title, which after answer and hearing was dismissed, and from the decree of dismissal, the plaintiff appeals.

The contention of the plaintiff is that while the deed of 1927 is absolute in form, subject to the retention of a life estate by Louis Jacobs, it was really in trust because it was understood and agreed between the grantees and their father that, if and when requested by him, they would reconvey the property to him, and that, therefore, an after acquired judgment would not be a lien on the property in his lifetime.

There can be no doubt from this record that there was such an understanding and oral agreement, between the father and the five children. In 1929, he advised them that he needed some money, and they joined with him in the execution of a mortgage for $5000, all of which went to him, and on September 17th, 1932, they reconveyed the properties to him. Nine days later he made the deed to Milton and five who were not parties to the deed of 1927, and four of the five, in February, 1940, were still infants, so that when Louis Jacobs made the deed of 1932, he could not, on account of the disability of nearly all of the grantees again get title. The record does not show the relationship of any of the grantees of the second deed, except his son, Milton, who was then unmarried, but it can reasonably be supposed that they were grandchildren, and that the second deed was by arrangement with the original grantees.

This is neither a resulting trust nor is it a constructive trust, but an express trust supported only by oral evidence. *Hertle v. McDonald,* 12 Md. Ch. 128; *Wolf v. Corby,* 30 Md. 356, 361. Usually cases not evidenced by writing (*Statute of Frauds,* Sec. VII) in which trusts have been sustained on the ground that they were constructive trusts are cases in which the conveyances have been induced by fraud. 26 *R. C. L.* 1233; *Jasinski v. Stankowsky,* 145 Md. 58; 35 *A. L. R.* 275; *Springer v.*

**608**

*Springer,* 144 Md. 465; *McIntyre v. Smith,* 154 Md. 660; *Lipp v. Lipp,* 158 Md. 207. The suits generally have been brought by the grantors to compel the grantees to perform the trusts which they have assumed. In the instant case there has been no refusal by any of the grantees to comply with the request of the grantor to reconvey to him; they executed a mortgage for him, and later conveyed to him; all of the witnesses so testify and the record evidence without contradiction sustains them. There are decisions to the effect that a parol trust becomes valid when confessed by the trustee. *Kauffman v. Kauffman,* 266 Pa. 270, 109 A. 640; *Metzger v. Metzger,* 338 Pa. 564, 14 A. 2nd 285, 129 A. L. R. 683.

In our opinion the evidence here is of an express trust, proved only by oral testimony, not evidenced by writing in accordance with Section VII of the *Statute of Frauds.* 2 *Coe's Alexander's British Statutes* 690 and 695, and the decree appealed from should be affirmed.

*Decree affirmed with costs.*