## CHARLES H. GRIMES *v.* ROSE GRIMES

[No. 43, October Term, 1944.]

*Decided December 8, 1944.*

60

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, MELVIN, BAILEY, and CAPPER, JJ.

*Charles' F. Obrecht* and *Lester H. Crowther* for the appellant.

*Marion A. Figinski* and *Joseph Hettleman* for the appellee.

DELAPLAINE, J., delivered the opinion of the Court.

This appeal is from a decree adjudging that Charles H. Grimes, appellant, holds a lot of ground, improved by two houses, at Light Street and Elkins Lane in Baltimore, in trust for his mother, Rose Grimes, appellee.

The lot was purchased in 1924 by appellant's father, John C. Grimes, now deceased, who had married appellee in 1905, but had left her and was living with a woman named Minnie Otto; and although the deed conveyed the lot to "John C. Grimes and Minnie M. Grimes, his wife," he had never been divorced. On January 27, 1931, Grimes and his paramour conveyed the lot to Wilbur Otto, the paramour's son; and on September 7, 1931, Otto, upon request of Grimes, conveyed it to appellant. While the title stood in Otto's name for nearly a year, and in appellant's name for more than ten years, Grimes continued to collect the rents and pay the taxes on the property until his last illness near the end of 1941. His wife then took him back to live with her; and following his death in February, 1942, she received the rents and paid the taxes on the property. In December, 1942, appellant notified the tenants that he was the owner of the

property and they should thereafter pay the rent to him. His mother thereupon instituted this suit to have the property impressed with a trust for her benefit.

Section 7 of the Statute of Frauds provides that no declaration of trust in land shall be valid unless it is "manifested and proved by some writing signed by the party who is by law enabled to declare such trust." Section 8, however, provides that the statute does not apply to any conveyance by which a trust may arise "by the implication or construction of law." 29 *Charles II,* ch. 3; 2 *Alexander's British Statutes,* Coe's Edition, 690; *O'Connor v. Estevez,* 182 Md. 541, 35 A. 2d 148. In this case there is no express declaration of trust. The question for us to decide is whether a constructive trust should be imposed on the land. It is unquestionably true that a trust in real estate cannot be created by oral contract. But a constructive trust is not based upon agreement, but is raised by construction of law, regardless of the intention of the parties, when land or other property is acquired by fraud, misrepresentation, imposition, or concealment, or under any other circumstances which render it inequitable for the holder of the legal title to retain it. *Clark v. Clark,* 139 Md. 38, 114 A. 722; *Springer v. Springer,* 144 Md. 465, 125 A. 162; *Jasinski v. Stankowski,* 145 Md. 58, 125 A. 684, 35 A. L. R. 275; *Lipp v. Lipp,* 158 Md. 207, 214, 148 A. 531; *Weir v. Union Trust Co.,* 188 Mich. 452, 154 N. W. 357. The courts raise constructive trusts by parol evidence on the ground of public policy under the doctrine of equity that the Statute of Frauds, which was enacted for the purpose of preventing fraud, should not operate as a shield for the perpetration of fraud. *Soehnlein v. Pumphrey,* 183 Md. 334, 37 A. 2d 483. Justice Cardoza said: "A constructive trust is the formula through which the conscience of equity finds expression. When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee." *Beatty v. Guggenheim Exploration Co.,* 225 N. Y. 380, 122 N. E. 378, 380.

Usually the constructive trusts which have been imposed have been those where the conveyances were induced by fraud. *Jacobs v. Schwartz,* 179 Md. 605, 20 A. 2d 489. The law has always condemned any plan for the disposition of property which necessarily accomplishes a fraudulent result. Ordinarily a grantee will not be considered a trustee *ex maleficio* merely because he fails to carry out an agreement. Where there is no actual or constructive fraud at the time of the conveyance, and no undue influence, the mere fact that the grantee agreed to hold the land in trust for a specified purpose, or to reconvey it to the grantor or a designated person, will not remove the case from the operation of Section 7 of the Statute of Frauds. For otherwise this section would be meaningless. Where, however, the owner conveys property without valuable consideration upon an oral promise of the grantee to hold it for him or to reconvey it to him, and the grantee at the time of the conveyance stands in a confidential relation to the grantor, a court of equity will not permit the grantee to keep the land and be unjustly enriched, but will compel him to transfer the title to the party equitably entitled to it, even though at the time of the conveyance the grantee intended to fulfill the agreement, and even though it is not shown that he was guilty of fraud or undue influence or any other abuse of his confidential relation in procuring the conveyance. *McIntyre v. Smith,* 154 Md. 660, 672, 141 A. 405; *Vanderpool v. Vanderpool,* 163 Ky. 742, 174 S. W. 727; *Pulfrey v. Wid,* 340 Ill. 553, 173 N. E. 87; 3 *Scott on Trusts,* Sec. 462; *Restatement, Restitution,* Sec. 182. In recognizing this rule in *Sanford v. Sanford,* 139 U. S. 642, 11 S. Ct. 666, 667, 35 L. Ed. 290, Justice Field said: "Nor does it matter whether the party takes the title in his own name in good faith, under the belief that he can thereby better manage the property to the advantage of those for whom he is acting, or in compliance with their wishes, or whether from an intention to defraud them of their rights therein. In either case a court of equity will

control the legal title so as to protect the just rights of the true owner. The reason for the rule is that, when a person assumes a confidential relation to another, it would be a flagrant injustice to permit the confidence to be betrayed, and equity will not allow the betrayer to invoke the Statute of Frauds to sustain a transaction tainted with such bad faith. *Wood v. Rabe,* 96 N. Y. 414, 48 Am. Rep. 640, 645.

A confidential relation is not limited to cases of guardian and ward, attorney and client, and principal and agent, but exists in every case where confidence is reposed by one person and accepted by the other. *Kochorimbus v. Maggos,* 323 Ill. 510, 154 N. E. 235, 238. Where a conveyance is from child to parent, it will ordinarily be presumed as a matter of law that a confidential relation exists, but where the conveyance is from parent to child, the question whether a confidential relation exists is a matter of fact to be proved, except where the natural position is reversed by the influence of time, so that the parent relies heavily upon the child for care and protection or for guidance in business affairs, and the child becomes the dominant party. *Brown v. Mercantile Trust & Deposit Co.,* 87 Md. 377, 390, 40 A. 256, 257; *Messick v. Pennell,* 182 Md. 531, 35 A. 2d 143, 147; *Williams v. Robinson,* 183 Md. 117, 36 A. 2d 547, 549.

In this case it is evident that the father was easily influenced. During a period of about 25 years, when he was living apart from his wife, he often stopped in her home at the lunch hour for a cup of coffee. For some years he and his son worked together in the same business as house repairmen. The fact that the father conveyed the property to his housekeeper's son without valuable consideration, and then requested him to convey it to appellant without valuable consideration, and yet continued to hold himself out as the owner by collecting the rents and paying the taxes for ten succeeding years, indicates (1) that he had implicit confidence in his son, and (2) that he had not relinquished his equitable ownership. Appellant, who is one of five children, admitted

that on one occasion, after he received the deed for the property, his father requested him to deed it back to him; but no satisfactory explanation was given why he failed to do so. It would be unjust to allow appellant to convert to his own use the entire property, for which he paid nothing, to the exclusion of the other four children, for it would be an unconscionable violation of the confidential relation. We hold that, inasmuch as the father and son stood in a confidential relation, equity should subject the property to a constructive trust to promote the ends of justice.

However, the evidence is not sufficient to warrant the court in imposing the trust solely for the benefit of appellee. She claimed that, after her husband died, her son promised to give the property to her: but the son maintained that his father did not want her to have it. But because she was not divorced from her husband, she cannot be deprived of her lawful inheritance. It is our conclusion that the property should be held in trust for all the heirs at law of John C. Grimes, deceased.

*Decree affirmed in part and reversed in part, and cause remanded for the passage of a decree to conform with the views expressed in this opinion, the costs above and below to be paid by appellant.*