W. Vincent Grady, J.
Defendant moves to change the place of trial from Rockland County to Kings County and to dismiss the complaint pursuant to CPLR 3211 (subd. [a], pars. 5 and 7).
Plaintiff Elizabeth Mettler Growney, and the father of both plaintiffs, are residents of Rockland County, while the plaintiff Thomas H. Mettler, Jr., is a resident of the State of Georgia. None of the parties are residents of Kings County although the defendant is a resident of Nassau County.
The defendant contends that, because the alleged agreement upon which the action is based is in reference to an estate that was probated in Kings County, and because an alleged witness to the agreement is a resident of Kings County, in the court’s discretion the venue should be changed to that county. This action is based on an agreement which, it is alleged, created a trust relationship between family members, and the Kings County probate proceeding is not directly related to this action.
The ground relied upon by the defendant for a change in the place of trial is CPLR 510 (subd. 3) where “ the convenience of material witnesses and the ends of justice will be promoted by the change.”
It must be shown that the material witnesses residing in the proposed place of trial outnumber those residing in the transferring county (Mau-Ste Fallsburg Corn. v. Cohen, 278 App. Div. 770).
Here, plaintiffs’ two material witnesses reside in Rockland County, whereas only one of the defendant’s material witnesses resides in Kings County. The defendant having failed to establish that the convenience of the material witnesses and the ends of justice will be promoted by the change, this motion is denied.
The complaint herein pleads four causes of action. The first sounds in contract and is based on an alleged promise made by the defendant to plaintiffs’ father shortly after the death *392 of plaintiffs’ great-grandfather, which was to the effect that if plaintiffs’ father would not contest the great-grandfather’s will, then the defendant would, upon his mother’s death, share one half of whatever he received from his mother’s estate with plaintiffs. The second cause of action alleges that by reason of this agreement, a trust relationship existed between plaintiffs’ father and defendant and that defendant holds property received from his mother’s estate in trust for plaintiffs’ use and benefit. The third and fourth causes of action allege that the same facts which are set forth in support of the first two causes of action create an express parol trust (third cause of action) or an equitable assignment (fourth cause of action).
Defendant asserts that the alleged agreement violates the Statute of Frauds and the Statute of Limitations and that the complaint should be dismissed on those grounds.
On a motion to dismiss, ¡the allegations of the complaint must be deemed to be true for the purposes of the motion. Plaintiffs allege that defendant acknowledged to plaintiffs’ father in Baltimore, Maryland, in 1943, while his mother was living, that he would share one half of what he received from his mother’s estate with plaintiffs and renewed this promise in New York in 1968 after his mother’s death. Under subdivision 1 of section 5-701 of the General Obligations Law an oral agreement, the performance of which is not to be completed before the end of a lifetime, is void. If the oral agreement was renewed in New York as alleged in plaintiffs’ complaint, defendant’s mother was then deceased and the performance thereof was not to be deferred until the end of her lifetime, hence the oral agreement is not within the New York Statute of Frauds so as to bar the first cause of action.
In the event that the alleged oral agreement was not renewed and is found to be based upon the original agreement made in Baltimore, Maryland, then under the law of Maryland, the original English Statute of Frauds applies (Lewis v. Tapman, 90 Md. 294, 302 [1900]; Kleine v. Lightman, 243 Md. 460 [1966]; Friedman v. Clark, 252 Md. 26 [1969]; 49 Am. Jur., Statute of Frauds, § 2, p. 365).
Under the English Statute of Frauds (29 Chas. II, Oh. Ill [1676]) the agreements which are required to be in writing are: (1) those relating to interests in real property, (2) agreement by an executor or administrator to answer for damages out .of his own estate, (3) agreement to answer for the debt, default or miscarriage of another, (4) agreements made upon consideration of marriage and (5) agreements not to be performed within one year.
*393 An agreement not to be performed “within a lifetime” is not specifically covered under the English Statute of Frauds, nor is there apparently any Maryland case which has held that an oral agreement not to be performed within a lifetime is invalid (see Fitzpatrick v. Michael, 177 Md. 248; Janowitz v. Slagle, 250 Md. 140). The first cause of action for breach of the oral agreement would therefore not be barred by the English Statute of Frauds or the law of Maryland.
Defendant contends that the oral agreement also violated subdivision 8 of section 5-701 of the General Obligations Law, which requires a writing when the agreement is to establish a trust. Although this subdivision was repealed by EPTL 14-1.1 (subd. [a]) (eff. Sept. 1, 1967), defendant asserts that the oral agreement was made before the effective date and applies to the agreement. However, the complaint alleges that the oral agreement in question created a constructive trust and whether it be the law of New York that applies (61 N. Y. Jur., Trusts, § 142, pp. 298-299; Matter of Rauh, 23 A D 2d 751) or the law of Maryland (Jasinski v. Stankowski, 145 Md. 58; Byer v. Szandrowski, 160 Md. 212; Grimes v. Grimes, 184 Md. 59; Shives v. Borgman, 194 Md. 29; Carter v. Abramo, 201 Md. 339), the Statute of Frauds is not a bar to the enforcement of a constructive trust.
The Statute of Frauds is not a bar to either the third or fourth cause of action. The third cause of action is based on the breach of an express parol trust and is not a contract to establish a trust (Hirsh v. Auer, 146 N. Y. 13; Blanco v. Velez, 295 N. Y. 224). The fourth cause of action is based on the assignment by the defendant to the plaintiffs of an interest in his mother’s estate. If it is established that the assignment is supported by a good and valuable consideration, the assignment may be enforceable and does not have to be in writing (3 N. Y. Jur., Assignments, § 22, p. 279; Thurber v. Chambers, 66 N. Y. 42, 49).
The defendant’s contention that the Statute of Limitations bars this action is without merit. Plaintiffs were not required to file a claim against the estate within seven months after the issuance of letters pursuant to SCPA 1802. The causes of action in the complaint are not against the defendant’s mother or her estate, but against the defendant personally. It is the six-year Statute of Limitations contained in CPLR 213 which applies to all of the causes of action, which accrued in 1968, when the defendant allegedly renounced and repudiated his obligations under the alleged oral agreement.
*394 Defendant’s remaining contention is that the complaint fails to set forth facts sufficient to constitute a cause of action. The complaint shows that defendant’s oral agreement was made for the benefit of plaintiffs and therefore plaintiffs are entitled as third-party beneficiaries to enforce the defendant’s promises (10 N. Y. Jur., Contracts, § 239, pp. 160-162).
It does appear that the allegation of the complaint, that plaintiffs’ father, in relinquishing his rights in intestacy by failing to contest plaintiffs’ great-grandfather’s will, establishes prima facie a legal and valuable consideration (9 N. Y. Jur., Contracts, § 87, pp. 617-618).
In liberally construing the complaint herein, the court finds that the allegations are sufficient to state the four causes of action set forth in the complaint. Accordingly, defendant’s motion is denied in all respects.