OPINION OF THE COURT
Arthur S. Kirsch, J.
A trial was held in the above action and a determination was rendered from the Bench granting the relief sought by plaintiff, providing the court, after reserving decision on solely this issue, finds that the action is not barred by the Statute of Limitations.
The facts of the case follow:
In 1968, plaintiff Stella L. Kelly sought to purchase a home *31 on Van Siclen Avenue in Brooklyn. Plaintiff was a single woman and because of this, she encountered difficulty in obtaining a mortgage. Muriel Reid, the real estate broker involved in the sale of the premises, suggested that a nominee with acceptable credit be used on the deed as co-owner, thereby enabling plaintiff to go through with the purchase. The broker found a nominee, one James F. Adams, and the purchase of the house was completed, the closing taking place on February 8, 1968, with the deed listing both plaintiff’s and Adams’ names as co-owners. Plaintiff Kelly advanced all the moneys and paid all fees and expenses of the purchase. According to the testimony of Reid and plaintiff, it was understood and agreed by all concerned that Adams would act as nominee on the deed and mortgage loan as an accommodation, in order to pledge his credit to facilitate the purchase of the house and that the nominee would thereafter reconvey the property to plaintiff. Plaintiff’s attorney, however, failed to secure a transfer from Adams to Kelly at the closing. Kelly assumed that everything was taken care of by her lawyer.
In 1971, plaintiff wanted to have alterations made on her home and get a home improvement loan and at that time, learned to her amazement that the transfer of the subject property had not been effected. She began a search for the nominee, Mr. Adams, but was unsuccessful until she contacted the broker Reid, through whom her contact with Adams had been made, and was informed that Mr. Adams had died on June 10, 1970. The affected living heirs of Mr. Adams are Maggie Adams, the estranged wife of the deceased, and two daughters.
Plaintiff Kelly has lived at the Van Siclen address, maintaining the premises, paying all expenses and taxes. Clearly, the testimony showed that the intent of both Kelly and Adams was that Adams’ role was strictly to be that of a nominee. Any finding that would take actual ownership away from plaintiff and bestow it upon defendants, the survivors of the nominee, a wife who had been separated from her husband since 1960, eight years before the transaction, and their children, would merely serve to unjustly enrich defendants and would be a reproach to justice.
The instant action was commenced by plaintiff on August 5, 1976 to reform the deed or to establish a constructive trust to accomplish the same purpose and service by publication was completed on September 22, 1976. In both instances, the *32 applicable Statute of Limitations runs six years. The cause of action accrues upon the demand and refusal of the nominee to reconvey the property to plaintiff or upon his death, when a conveyance by him would no longer be possible. There was no testimony to show that prior to his death in 1970, Mr. Adams had ever refused to transfer title to the premises to plaintiff Kelly, as he had promised, nor was there any proof that he had been asked to execute a transfer at any time subsequent to the closing. The oral agreement to reconvey was not repudiated during the life of Adams and, consequently, the commission of the "wrong” did not take place until his death (Jenkins v Jenkins, NYLJ, April 18, 1980, p 14, col 1; see Mettler v Mettler, 64 Misc 2d 390). The court finds that the cause of action accrued upon the death of James Adams on June 10, 1970, six years and two months before plaintiff’s action was initiated. The attorney for defendant appeared in this proceeding on May 31, 1977. Even if we use this later date, the action is within the period permitted by statute.
CPLR 210 provides that a period of 18 months after the death of a liable person is not to be counted as part of the time within which an action must be commenced against the liable person’s administrator. With this tolling of the statute, plaintiff’s action comes within the Statute of Limitations and defendants’ affirmative defense is dismissed.
Accordingly, the deed of premises 739 Van Siclen Avenue, Brooklyn, New York, is to be reformed so that title of said premises is solely in the name of Stella L. Kelly.